The offense consists in concealing the death, so that it could not be known whether the child be born alive. The object is to prevent the destroying such children, not the concealment of theirdead bodies; the prevention of the latter is resorted to as a means (354) to prevent the former. It is, therefore, not incumbent on the State to prove that the child was born alive. The agency of the mother in concealing the death, i. e., the manner of the death, and thereby preventing punishment from falling on the person who deprived it of life, is the corpus delicti; but if it appears either by the evidence on the part of the State or that which may be introduced on the part of the mother *Page 162 
that the child was born dead, or came to its death by natural means, it destroys the probability of the crime which the Legislature intended to prevent having been committed. The judge should, therefore, have informed the jury that to make out the crime of misdemeanor created by our act of 1818 it was not necessary to be proven that the child was born alive; but if, from the evidence, they were satisfied that the child was born dead, or that it came to its death by natural means, that they should acquit, under the act. As to the child's being killed in the womb by design, so that it came dead into the world, that is an offense different from the one created by the act. To give a contrary construction would be disregarding the substance and catching at the shadow, sacrificing the end to the means. It would require the conviction of the mother, who had concealed the body of the dead child which she had prematurely (and without any fault of her in that particular) brought into the world in that imperfect state, which, upon inspection, it was quite apparent could not sustain for a single moment animal life, as contradistinguished from uterine; a construction, I am sure, with due deference to those who differ with me, the Legislature never contemplated to be given to the act.
I therefore think that there should be a new trial.